In re 44 H INC., d/b/a Hodel's
Drug Store, Inc., Debtor.

44 H Inc., d/b/a Hodel's Drug
Store, Inc., Appellant,

v.

Catellus Development Corporation,
Appellee.

Civ.A. No. 01–K–397.

United States District Court,
D. Colorado.

Aug. 20, 2001.

Lee M. Kutner, Thomas C. Kearns, PC, Denver, CO, William C. Danks, William C. Danks, Attorney at Law, Denver, CO, for appellant.

Joe L. Silver, Martin D. Beier, Silver & Deboskey, P.C., Denver, CO, for appellee.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

### Statement of the Case

Hodel's is a drugstore and liquor store located in the Belcaro shopping center on south Colorado Blvd. owned by Catellus Development Corporation. The core issue on this expedited appeal is the amount of rent owed by Hodel's under a 1991 lease for the renewal term of the lease. The lease provision is paragraph 36 of the original lease executed in 1991 between the current parties. That provision says the tenant shall have the

"... right and option to renew the lease for one (1) consecutive five (5) year term under the same terms and conditions as herein stated with the exceptions that (i) no further renewal options shall exist and (ii) monthly rental for such renewal shall be based on the then prevailing market rental rate as determined by Landlord in good faith but in no event shall be less than the monthly rental in effect for the last month of the primary term ..."

The bankruptcy court allowed, in part, the proof of claim filed by Catellus with respect to the rent due under the lease (under the renewal option) and late fees in the amount of $170,710.58 ($155,191.44 back rent and $12,929.22 late fees). The bankruptcy court also allowed Catellus attorney fees in the amount of $206,013.09. The attorney fees claim arises from paragraph 33(xv) of the lease.

Attorneys' (sic) fees. In the event of any action or proceeding brought by either party against the other under this Lease the prevailing party shall be entitled to recover for the fees of its attorneys in such action or proceeding, including costs of appeal if any, in such amount as the court may adjudge reasonable as attorney's (sic) fees. In addition, should it be necessary for Landlord to employ legal counsel to enforce any of the provisions herein contained, Tenant agrees to pay all attorneys' (sic) fees and court costs reasonably incurred.

Hodel's requested a reversal of the attorney fees, but in the context of Catellus' status as the prevailing party. Hodel's argues that Catellus is only entitled to attorney fees if it is the prevailing party on the issue that the rent for the renewal period was $23 per square foot. While this argument is without merit, the findings of the bankruptcy court as to the rental rate mean the attorney fees are proper.[1] Hodel's raised questions about the reasonableness of the fees, but did not produce evidence to show that the fees were unreasonable.

The standard of review before this court is de novo.

## Background

Hodel's initially filed this case in Denver District Court on August 3, 1998 (Case No. 98CV6224)[2] It arrived in the Bankruptcy court when Hodel's filed a Chapter 11 proceeding on November 1, 2000. The amount owed under the lease was the central question in determining the plan of reorganization. In an effort to resolve the rent issues quickly, Judge Matheson requested that Catellus file a proof of claim for rent and costs due under the lease. The proof of claim was filed and Hodel's filed an objection.[3] The bankruptcy court conducted a hearing on the proof of claim.[4] Within the context of the hearing on the proof of claim, the bankruptcy court attempted to resolve the issues between the parties. Judge Matheson framed the procedural status of the case as follows:

"The-as I noted last week, the district court, the state district court, in ruling on the motions for summary judgment in the trial pending down there, had reached the conclusion that in determining the rental rate, the landlord had acted in good faith, but the court said that there was a disputed question of fact about the rental rate, and that that would be reserved for trial."

"But what we have is a lawsuit that has been pending in the state court for some time that was partially resolved by rulings of that court that are interlocutory rulings on the motions for summary judgment. Final judgment was not certified in that court, in accordance with the rules."

1. The bankruptcy court disallowed the portion of attorney fees that related to the FED action since Hodel's was granted summary judgment on its motion to dismiss the action. Based on the language of lease, the fees Catellus incurred in that action were not deemed reasonable.

2. A second state court action (FED) was filed by Catellus on July 21, 2001 (Case No. 00–CV–5662). The cases were consolidated and trial was set for November 6, 2000. Hodel filed counterclaims in the second suit and those had also not been heard.

3. Hodel's objection specifically preserved its right to appeal the state court rulings in Case No. 98CV6224. Hodel's likewise reserves its right to pursue counterclaims in the second case through judgment in Denver District Court or through an Adversary Proceeding in the Bankruptcy Court.

4. In his order Judge Matheson noted that the procedure used at trial was essentially a continuation of the state trial which meant that Catellus had the burden of going forward without the prima facie presumption usually accorded a proof of claim.

"And then before final judgment entered, indeed before there was a determination in that court of the final rental rate, the bankruptcy case was filed. And while it would have been possible for this Court to abstain from resolving this issue and letting it go back to the state court for resolution, the fact is that in proceedings of this nature, it's critical to have a determination of this rental rate, because the debtor doesn't know what to do or what it may want to do, or indeed be able to do in terms of assuming or rejecting this contract, this lease until it knows what the rental rate is."

From the state district court opinion and the findings of the bankruptcy court it is apparent that Hodel's has been unable to prove that the rate set by Catellus was done in bad faith. The state district court opinion in pertinent part found:

"Catellus asserts that it is entitled to summary judgment on its counterclaim because the evidence is undisputed that Hodel's has not paid any increased rent due under the Lease. Hodel's admits that it has not paid any increase and that the prevailing market rate for the space is greater than the amount it is currently paying.

It is clear that Catellus is entitled to prevail on its claim for breach of lease for Hodel's failure to pay an increase in rent; however, the amount of the increase is a genuine issue of material fact."

In spite of this Hodel's maintains that it is entitled to a hearing on what the prevailing rental rate was for the option period. As Judge Matheson pointed out given the ruling from the state district court that the rate determined by Catellus was determined in good faith, the only question left is **what was the rate.** In spite of Hodel's statement that it did not receive an evidentiary hearing, it did receive one, but not on the issue it wanted.

Judge Matheson stated:

Judge Mullins was satisfied based on the record that he had on the motion for summary judgment that the evidence supported the determination that in reaching and fixing the rental rate, that Catellus acted in good faith.

Based on those findings, Judge Matheson heard and received evidence and determined that the rate was $23.00 a foot for the renewal period of the lease. He also allowed the parties to make offers of proof on the matter of what the prevailing market rate was. He also heard testimony on the attorney fees and made findings as to the allowable fees pursuant to the proof of claim.

Hodel's has continued to argue that the prevailing market rental rate has not been determined. In order to exhume that argument, it continues to raise the good faith question, but evidence was heard by the district court on that issue and Hodel's failed to prove that Catellus acted in bad faith in setting the rate. Based on the procedural posture of the case, in order to give Hodel's the relief requested—an evidentiary hearing on the prevailing rental rate for the option period under the lease—I would have to find that the state district court's findings were in error. But a plain reading of the language of the lease coupled with the analysis of the state district court leads to the inescapable conclusion that the landlord had the right to set the rate, absent any finding of bad faith. As Judge Matheson points out, Judge Mullins who had the benefit of hearing evidence on this matter was satisfied that there was no bad faith. My de novo review of this matter cannot change the results reached by those courts.

The appeal is **DENIED.** The judgment of the bankruptcy court is **AFFIRMED.**